# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 10cr4082WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| GERARD CHARLES RICCIO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to reconsider the grant of defendant's motion to suppress evidence, and alternatively, motion for clarification. ECF No. 41.

## BACKGROUND

On October 13, 2010, the Government filed an indictment charging the Defendant with one count of receiving images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a). ECF No. 1.

On August 5, 2011, the Court entered an order granting the Defendant's motion to suppress evidence. ECF No. 40. The Court stated:

> In this case, the Court must balance the possessory interest of the Defendant in the hard drive seized by Officer Campbell with the important governmental interests offered for the delay in securing a search warrant. The initial interference with Defendant's possessory interest in this case was a result of private action and did not violate the Fourth Amendment because of its private character. Officer Campbell had probable cause to seize the hard drive based

upon the information provided by the private search "for a time necessary to secure a warrant." *Segura*, 468 U.S. at 806. The finding of probable cause to seize the hard drive did not relieve law enforcement of its obligation to to "diligently" obtain a warrant. *Dass*, 849 F.2d at 415 ("We reject the government's assertion that there is a contraband exception to the fourth amendment.")." Defendant did not consent to the seizure of his hard drive by Officer Campbell and maintained a possessory interest in his hard drive which contained family photos.

Initially, there was a delay of sixteen days from the seizure on March 22, 2009 until April 7, 2009 when Detective Righthouse was assigned this case. The record does not contain any facts or circumstances to explain this delay. Detective Righthouse testified that she was assigned the case on April 7, 2009 and that she investigated the case. Detective Righthouse testified that she had other ongoing active cases; and that she gave priority to cases involving live juvenile victims, cases involving adult witnesses or victims, and cases that involved anyone in custody. Detective Righthouse did not testify that her workload or her case priorities prevented her from seeking a search warrant before June 23, 2009. The Government did not present any specific facts to explain the necessity of the seventy-five day delay in seeking a warrant. The affidavit in support of the warrant prepared by Detective Righthouse primarily relied upon the report of Officer Campbell and facts obtained early in the investigation. There are no facts or circumstances advanced by the Government from which the Court can conclude that the seventy-five day period was necessary in order for Detective Righthouse to obtain the state search warrant.

Under the facts and circumstances in the record of this case, the Court concludes that the ninety-one day delay in obtaining a warrant was not reasonable. The warrant requirement protects against unreasonable assertions of executive authority and assures that any seizure will be independently evaluated by a neutral magistrate. *See United States v. Song Ja Cha*, 597 F.3d 995, 1004 (9th Cir. 2010) (the limitations upon warrantless seizures protects "two goals of the fourth amendment - deterring unreasonable police behavior and judicial determination of probable cause."). The Court concludes that the Fourth Amendment rights of the Defendant were violated by the seizure and that the evidence obtained from the hard drive must be suppressed as a direct result of the constitutional violation. *Id*. at 1003-04. Defendant's motion to suppress the evidence from the hard drive seized from Paddock is granted.

ECF No. 40 at 10-11. The Court further concluded that the evidence found as a result of the federal search warrant must be suppressed. The Court stated:

The record conclusively establishes that the information derived from the hard drive, and suppressed as a direct constitutional violation, prompted the decision by Detective Righthouse to seek a federal warrant to search the Defendant's home. The independent source doctrine will not avoid exclusion of the evidence acquired as a result of a violation of the Defendant's constitutional rights. *See Murray*, 487 U.S. at 542. Under the facts of this case, neither the independent source doctrine nor the good faith exception will avoid suppression of the evidence found as a result of the federal search warrant. *See Song Ja Cha*, 597 F.3d at 703 (quoting *United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000) ("there is no good-faith exception to the exclusionary rule for police who do not act in accordance with governing law.")).

*Id*. at 12-13 (footnote omittted).

## CONTENTIONS OF THE PARTIES

Plaintiff United States of America moves the Court to reconsider the order suppressing evidence. The Government asserts that the Court committed a significant error of law in finding that the Defendant retained any possessory interest in his computer after Officer Campbell opened a file on the computer and discovered child pornography. The Government asserts that the actual discovery of child pornography by Officer Campbell eliminated any lawful possessory interest in the computer and that any delay in obtaining a warrant cannot, as a matter of law, form the basis for suppression. In addition, Plaintiff United States of America asserts that any delay in obtaining a search warrant was the result of simple negligence. Plaintiff United States asserts that the exclusionary rule should not be applied to the evidence obtained from the federal search warrant based upon *Herring v. United States*, 555 U.S. 135 (2009) .

Defendant asserts that the order suppressing evidence was made in accordance with law. Defendant asserts that the viewing a single image of child pornography by Officer Campbell did not permit indefinite detention of the computer or an unreasonable delay in obtaining a search warrant. Defendant contends that the delay in this case violated the law and that suppression is the proper sanction.

## RULING OF THE COURT

Warrantless seizure is reasonable for a "time period ... no longer than reasonably necessary for police, acting with diligence, to obtain the warrant." *Illinois v. McArthur*, 531 U.S. at 332. Even a seizure based upon probable cause can violate the Fourth Amendment if law enforcement does not act "diligently" in securing a warrant. *United States v. Dass*, 849 F.2d 414, 415 (9th Cir. 1988). This Court has concluded that the discovery of a single file containing child pornography by a law enforcement officer justified the warrantless seizure of the hard drive but does not conclude that this discovery negates any requirement to act with diligence to secure a warrant. *Id.* at 415. ("We [] reject the government's assertion that there is a contraband exception to the fourth amendment."). Based upon the facts and the reasons stated in the order filed on August 5, 2010, the motion to reconsider the order that

"Defendant's motion to suppress the evidence from the hard drive seized from Paddock is granted" is denied. ECF No. 40 at 11.

The Court adheres to its ruling that "the record conclusively establishes that the information derived from the hard drive, and suppressed as a direct constitutional violation, prompted the decision by Detective Righthouse to seek a federal warrant to search the Defendant's home." ECF No. 40 at 12-13. The police conduct in this case involved a mistake of law and the good faith exception to the suppression of evidence does not apply to mistakes of law. *United States v. Song Ja Cha*, 597 F.3d 995, 1005 FN8 (9th Cir. 2010) ("*Herring* did not discuss mistakes of law, and our cases holding that the good-faith exception does not apply to mistakes of law are still good law.").

IT IS HEREBY ORDERED that the motion to reconsider the grant of defendant's motion to suppress evidence, and alternatively, motion for clarification is denied. ECF No. 41.

DATED: September 22, 2011

                         **WILLIAM Q. HAYES**
                         United States District Judge